

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

March 24, 1975

The Honorable Ed J. Harris, Chairman
House Committee on Elections
House of Representatives
Austin, Texas 78767

Opinion No. H-563

Re: Validity of poll watchers
being paid by a labor union.

Dear Representative Harris:

On behalf of the Elections Committee, you have requested our
opinion concerning certain provisions of the Election Code and the
Campaign Reporting and Disclosure Act of 1973, article 14.01, et seq.,
Election Code (Acts 1973, 63rd Leg., ch. 423, p. 1101). Your first
question is whether a labor union may pay a poll watcher.

The appointment of poll watchers is governed by article 3.05, et
seq., of the Election Code. Article 3.05 permits poll watchers to be
appointed by a candidate, on behalf of a candidate by a political party,
or on behalf of a candidate by a group of voters registered in the pre-
cinct. We are discussing your question in relation to elections for
public office, but your attention is also directed to article 3.06 which
involves the appointment of poll-watchers in elections at which issues
are considered. There is no statutory authority for a labor union to
appoint a poll watcher.

Poll watchers serve on behalf of a candidate or issue; their func-
tion "is partisan, not nonpartisan in character." Priesler v. Calcaterra,
243 S.W. 2d 62, 65 (Mo. 1951); 26 Am. Jur. 2d Elections § 233, p. 65.
A pollwatcher represents the interests of the candidate by or for whom
he is appointed under article 3.05. Since a labor union as such is not
among those authorized to appoint a poll watcher, article 3.07(h), which
allows pollwatchers to be paid by the interest they represent, does not
provide for payment by a labor union.

p. 2531

Article 14.04(d) prohibits the making of campaign expenditures by any person other than a candidate, his campaign managers, or the campaign manager of a political committee, except for certain expenditures by individuals which do not pertain to your questions. "Expenditures" is defined in article 14.01(d) as "any payments made or debts and obligations incurred by a candidate or political committee involved in an election." We believe this definition includes payment of a poll watcher, especially in light of article 14.03(f), which lists such payments in its enumeration of permissible campaign expenditures. Consequently, article 14.04(d) prohibits the payment of a poll watcher by a labor union.

Your second question is whether such payments may be made from voluntary contributions by union members and others to a union's political education fund.

As previously noted, article 14.04(d) allows expenditures such as the payment of poll watchers to be made only by a candidate, his campaign managers, or the campaign manager of a political committee. It is therefore clear that such an expenditure may not be made from a political education fund unless that fund is administered by a political committee. See, art. 14.01(n), Election Code; Attorney General Opinion H-189(1973).

Your third question is whether a labor union or its political education committee may contribute to a political campaign where such a contribution is to be used to pay a poll watcher, and whether such a contribution would make the organization a political committee.

The labor union itself may not make such a contribution. Art. 14.04(a). However, a voluntarily funded organization of its members is a "person," article 14.01(m), and may make campaign contributions, article 14.04(a), to pay a poll watcher. Such an arrangement has been approved under 18 U.S.C. §610, which deals with contributions to federal campaigns, Pipefitters Local Union No. 562 v. United States, 407 U.S. 385 (1972), and is expressly authorized by the Federal Election Campaign Act of 1971, which amended 18 U.S.C. §610. In allowing contributions by such an organization, the Court required both "a strict segregation of its monies from union dues and assessments," and that the organization be

"financed in some sense by the voluntary donations of employees."
407  U.S. at 409,  414.

In our opinion these requirements are also essential under Texas law but where they are satisfied, the voluntary organization may make campaign contributions.

Whether or not such a contribution would make the organization a political committee under article 14.01(n) and subject to the Campaign Reporting and Disclosure Act, depends upon whether one of the "principal and major purposes of the organization . . . is to collect contributions and make expenditures in political campaigns, involving measures as well as candidates." Attorney General Opinion H-189 (1973).

## SUMMARY

A labor union may not pay a poll watcher from union dues, either directly or indirectly, through a campaign contribution. However, a voluntarily funded organization of its members could directly pay a poll watcher if the organization is a political committee, and could always make indirect payment through a campaign contribution. Such a contribution would not make the organization a political committee unless one of its major purposes is to make contributions in support of political campaigns or measures.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg